## In re REUTER.

(District Court, W. D. Pennsylvania. April 22, 1925.)

No. 11541.

1. **Bankruptcy** ⬅413(2)—Time for filing objections in opposition to discharge stated.

Under General Order No. 32, a creditor opposing bankrupt's discharge must file specifications of objection within 10 days after the day when creditors are required to show cause or apply for an extension of time.

2. **Bankruptcy** ⬅234—Order for examination of bankrupt after application for discharge refused.

An order will not be made for examination of bankrupt after his application for discharge, where he has submitted to examination and no reason is shown for further examination.

In Bankruptcy. In the matter of Carl Francis Reuter bankrupt. On petition for discharge. Granted.

John E. Kunkle, Christ C. Walthour, and Crowell & Whitehead, all of Greensburg, Pa., for objecting creditors.

Charles E. Vogel, of Pittsburgh, Pa., for bankrupt.

SCHOONMAKER, District Judge. On September 30, 1924, the bankrupt presented his petition for discharge. Whereupon the court fixed November 17, 1924, as the day for the hearing, requiring creditors to appear that day and show cause why the petition should not be granted. On that date counsel for creditors opposing this application filed their appearances. No specifications of objections were filed by these opposing creditors within 10 days thereafter, as required by General Order No. 32, but on November 22, 1924, they did file a petition setting forth that, in order to file specifications of objection, it was necessary that they be given opportunity to examine the bankrupt, and requesting an order of court for

that purpose. No extension of time, however, was asked in which to file their specification of objections.

This petition does not show why any additional examination of the bankrupt is necessary in this case, and it appears by the certificate of the referee filed September 30, 1924, that the bankrupt had submitted himself for examination. On December 4, 1924, on application of the bankrupt, a rule was granted on the opposing creditors, returnable December 10, 1924, to show cause why this petition for the examination of the bankrupt should not be dismissed and the bankrupt discharged. On December 9, 1924, counsel for opposing creditors left with the clerk of the court, for filing, their answer to this rule, and a specification of objection to the discharge of the bankrupt, but through inadvertence these papers were not filed. On March 30, 1925, the opposing creditors were permitted by order of court to file these papers nunc pro tunc as of December 9, 1924.

[1] We are of the opinion that these specifications of objections filed as of December 9, 1924, came too late, because they were not filed within 10 days from November 17, 1924. No application for extension of time was made within this 10-day period, and the petition filed on November 22, 1924, for examination of the bankrupt, is not a request for extension of time.

[2] On the merits, we do not think the application to examine the bankrupt should be allowed, for there is no reason alleged why the opposing creditors did or could not avail themselves of the opportunity afforded to examine the bankrupt when he did appear for that purpose before the referee. The petition to examine the bankrupt must be dismissed, and the bankrupt must be discharged, as no specifications of objections to his discharge were filed within the time provided by General Order No. 32.

An order may be entered accordingly.